UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Matthew Thomas Pickens, # 151245, ) C/A No.: 2:09-2127-RBH-RSC
) 
Petitioner, )
)
vs. ) Report and Recommendation
)
South Carolina Department of Probation )
Parole and )
Pardon Services, )
)
Respondent. )

Petitioner files this matter pursuant to 28 U.S.C. § 2241 against the South Carolina Department of Probation, Parole, and Pardon Services (SCDPPPS).[1] Petitioner is incarcerated at the Perry Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC). Petitioner alleges that the defendant denied him due process and equal protection of law under the Fourteenth Amendment because the SCDPPPS did not consider all relevant factors in making its decision to deny him parole. He further claims the defendant acted arbitrarily and capriciously, and deprived him of a state created liberty interest by rendering him ineligible for parole when it issued its decision based on four immutable criteria. Petitioner specifically states that he is not

---

[1] Petitioner has placed his allegations of a form which is typically used by federal prisoners seeking habeas relief pursuant to Section 2241. There is no standard form for state prisoners who are seeking this same type of relief.

challenging the denial of his parole, but rather the procedure employed by the SCDPPPS, insofar as that entity relied on the same criteria it used to deny him parole in April 2002, to deny him parole in May 2009. He asks that he receive a "meaningful parole hearing."

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the

petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Due process and equal protection claims, such as those raised by the petitioner, are typically raised in a civil rights action, not a habeas action. Nonetheless, the petitioner may file a habeas claim, as he has done here, pertaining to the procedures utilized at his parole hearing. The petitioner, however, has not exhausted his state court remedies. Since petitioner alleges that he is no longer eligible for parole, the petitioner must first raise this claim before South Carolina's Administrative Law Court (ALC). Such a review would be brought pursuant to the Administrative Procedures Act (APA), and would therefore include an appeal of any denial of relief by the ALC before the petitioner could proceed in federal court. *See* S.C. Code Annotated § 1-23-610.

In *Al-Shabazz v. S.C.*, 338 S.C. 354, 527 S.E. 2d 742 (S.C. 2000), the supreme court of South Carolina emphasized that "'[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property'", quoting *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). That same year, the court specifically held

that parole eligibility implicated a liberty interest. *Jernigan v. State*, 340 S.C. 256, 260, 531 S.E.2d 507, 509 (2000)(change from annual parole eligibility review to biannual review requires APA review).

In *Sullivan v. South Carolina Department of Corrections*, 355 S.C. 437, 586 S.E.2d 124 (2003), South Carolina's supreme court held that the only way the ALC can obtain subject matter jurisdiction over a claim is when it implicates a state created "liberty interest sufficient to trigger procedural due process guarantees." *Sullivan*, 355 S.C. at 443, 586 S.E.2d at 127 (citing *Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)); *See also Furtick v. South Carolina Department of Probation, Parole, and Pardon Services*, 352 S.C. 594, 576 S.E.2d 146 (2003)(extending the holding in *Al-Shabazz*, ALC has jurisdiction to hear denial of parole eligibility); *Steele v. Benjamin*, 362 S.C. 66, 606 S.E.2d 499 (S.C. App. 2004)(ALC had jurisdiction to hear Steele's claim that the SCDPPPS violated the *ex post facto* clause when it denied him annual review of parole eligibility); *Cooper v. SCDPPPS*, 377 SC 489, 661 S.E.2d 106 (S.C. 2008)(procedure employed by parole board deprived inmate of state-created liberty interest and triggered due process requirements, including entitlement to review by ALJ; "if a parole board deviates from or renders its decision without consideration of the appropriate criteria, we believe it essentially abrogates an inmate's right to parole eligibility and, thus, infringes on a

state-created liberty interest"); and *James v. South Carolina Department of Probation, Parole, and Pardon Services*, 376 S.C. 392, 656 S.E.2d 399, 400-403 & n. 3 (S.C.Ct.App. 2008)(review of parole eligibility goes through ALC).

Since petitioner argues that he has become parole ineligible due to the failure of the SCDPPPS to utilize the proper criteria during his parole hearing, petitioner must first exhaust his state remedies before he seeks federal review. See 28 U.S.C. § 2254(b); *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (noting that a "state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process'"); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973)(exhaustion also required under 28 U.S.C. § 2241); and *Moore v. De Young*, 515 F.2d 437, 442-443 (3rd Cir. 1975)(exhaustion required under 28 U.S.C. § 2241).

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondents to file a return for failure to exhaust administrative remedies. See *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); the Anti-Terrorism

and Effective Death Penalty Act of 1996. Cf. *Granberry v. Greer*, 481 U.S. 129, 135 &n.7 (1987); and *Aubut v. Me.*, 431 F.2d 688, 689 (1st Cir. 1970).

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
September 10, 2009

**The petitioner's attention is directed to the important NOTICE on the next page.**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).